UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY WOOD,
on behalf of himself and
others similarly situated,

    Plaintiff,

vs.                      CASE NO.:

ESTIA HOSPITALITY, LLC
d/b/a BUONA RISTORANTE,
MARCO ANGELO and
DESPINA ANGELO, Individually

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, JEREMY WOOD ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, sues the Defendants, ESTIA HOSPITALITY, LLC d/b/a BUONA RISTORANTE, a Florida company, MARCO ANGELO and DESPINA ANGELO, Individually ("Defendants"), and allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to

this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JEREMY WOOD is a resident of Pinellas County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4. Defendant, ESTIA HOSPITALITY, LLC d/b/a BUONA RISTORANTE, is a Florida company authorized and doing business in this Judicial District.

5. At all times material herein, Plaintiff was a non-exempt employee of Defendants, pursuant to 29 U.S.C. § 203(e)(1).

6. Defendant, ESTIA HOSPITALITY, LLC d/b/a BUONA RISTORANTE, is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

7. At all times material hereto Defendant, MARCO ANGELO, was an

officer of the Defendant's company and had direct responsibility and control over the compensation paid to employees of the organization.

8. At all times material hereto Defendant, DESPINA ANGELO, was an officer of the Defendant's company and had direct responsibility and control over compensation paid to employees of the organization.

9. As part of Plaintiff's duties for the Defendant, Plaintiff regularly engaged in commerce or in the production of goods for commerce, or activities which are closely related and directly essential to the production of goods for commerce.

10. Plaintiff is entitled to the protections provided by the FLSA because he was an individual engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

11. Plaintiff, JEREMY WOOD, was employed with Defendants, from March 2022 until July 28, 2022, as a full-time Crew Member and paid $13.00 an hour.

12. Throughout Plaintiff's employment, Plaintiff was required to work over 40 hours a week and was not compensated at the rate of at least one and a half times his regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

13. Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

14. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

15. Plaintiff realleges paragraphs one (1) through fourteen (14) as though set forth fully herein.

16. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

17. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that Plaintiff and all others similarly situated worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff and all others similarly situated at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

18. At all times material, Defendants failed to comply with 29 U.S.C. § 201, *et seq*, in that Defendants failed to pay Plaintiff and all others similarly situated any and all overtime worked on the regularly scheduled pay date.

19. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

20. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff and all others similarly situated have suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, JEREMY WOOD, on behalf of himself and all others similarly situated, respectfully request all legal and equitable relief allowed by law including judgment against Defendants, ESTIA HOSPITALITY, LLC d/b/a BUONA RISTORANTE, MARCO ANGELO and DESPINA ANGELO, Individually, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
## (UNPAID WAGES/BREACH OF CONTRACT)

21. Plaintiff realleges paragraphs one (1) through fourteen (14) as though set forth fully herein.

22. Plaintiff earned wages over the course of his employment, which remain unpaid by Defendants. Specifically, Defendants failed to compensate Plaintiff for earned hours worked during his employment with Defendants.

23. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed, and refused to make payments as required by the employment relationship.

24. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, JEREMY WOOD demands a trial by jury and judgment against Defendants, ESTIA HOSPITALITY, LLC d/b/a BUONA RISTORANTE, MARCO ANGELO and DESPINA ANGELO, Individually, for back pay, interest, attorneys' fees pursuant to Fla. Stat. § 448.08 and costs and for such other relief to which Plaintiff may be justly entitled.

## COUNT III
## FAIR LABOR STANDARDS ACT
## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

26. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

27. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendants in

excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

28. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked on the regularly scheduled pay date.

29. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in hourly, non-exempt positions during the applicable statute of limitations, who have not been compensated at one and one-half times their regular rate of pay for all overtime hours worked and/or who have not been compensated at one and one-half times their regular rate of pay of all overtime hours worked on their regularly scheduled pay date.

30. The putative class members are current, former, and future hourly, non-exempt employees of Defendants who worked as crew members or similar hourly-paid positions and worked in excess of forty hours in at least one work

week during the past three (3) years or who were not paid earned overtime on the regularly scheduled pay date.

31. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendant.

32. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

33. Defendants failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

34. As a direct and legal consequence of Defendants unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, JEREMY WOOD, individually and on behalf of all others similarly-situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

    a. Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

    b. Judgment against Defendants for overtime compensation, liquidated damages, and prejudgment interest;

    c. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

      d.    An adjudication on the merits of the case; and

      e.    Such other relief as the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

35. Plaintiff requests a jury trial on all issues so triable.

Dated this 18th day of January 2023.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: debbie@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Counsel for Plaintiff